STATE of Texas et al., Appellants,

v.

AMERICAN LEGION POST NO. 58, Appellee.

No. 6968.

Court of Civil Appeals of Texas, El Paso.

Jan. 28, 1981.

George N. Rodriguez, Jr., County Atty., Todd Chenoweth, Asst. County Atty., Ralph W. Adkins, City Atty., Vicki L. Byrnes, Asst. City Atty., El Paso, for appellants.

John L. McKellips, El Paso, for appellee.

## OPINION

WARD, Justice.

This appeal is from summary judgment granted for the Defendant in suit filed by various taxing authorities for the collection of delinquent ad valorem taxes. The issue presented is whether Article 7150, sec. 20, Tex.Rev.Civ.Stat.Ann., made the Defendant exempt from the taxes as a matter of law merely by showing that it was an American Legion Post. We hold that more than that was required and reverse and remand.

This tax suit was instituted by the State of Texas, for itself and other political subdivisions, to collect delinquent taxes for the years 1970 through 1976 on real estate owned by the American Legion Post No. 58 at 4724 Vulcan Street in El Paso. The City of El Paso, on behalf of itself and other taxing units, intervened claiming ad valorem taxes for the years 1970 through 1977. The Defendant's sworn answer consisted of its claimed exemption under the terms of the then existing Article 7150, sec. 20, which provided that:

Hereafter all buildings, together with the lands belonging to and occupied by such organizations known as The American Legion, . . . shall be exempt from taxation in this State.

The Defendant then filed its motion for summary judgment, setting forth the statute and claiming that as a matter of law no ad valorem taxes were due or would be due in the future "so long as the American Legion occupies and uses its building at 4724 Vulcan Street . . . in the manner presently used and occupied." It further alleged that there was a ruling from the Internal Revenue Service setting forth that it had determined that since the activities of the American Legion promotes the social welfare of the community, it would not be subject to unrelated business income tax, and "[t]hese rulings assist the American Legion in maintaining its position as a nonprofit organization within the guidelines set down by the Texas Constitution." Attached to the motion was an affidavit swearing to the facts set out in the motion and swearing that an attached document was a true copy of its certificate from the Internal Revenue Service reflecting the exempt tax status of the Defendant. In addition, a supplemental motion for summary judgment was filed by the Defendant whereby affidavit was made that an application for exemption from taxation had been filed by the Defendant in 1963 and that the County Tax Assessor Collector of El Paso County, Texas, thereupon issued a certificate that the property at 4724 Vulcan Street was exempt from taxation under Article 7150.

Thereafter, the Plaintiffs and Intervenors filed their oppositions with attached affidavits setting out, among other matters, that the Defendant had failed to file any allowable summary judgment evidence; that although the Defendant was claiming the exemption under the statute, it had failed to establish by any facts that it came within any of the permitted exemptions set out by Article VIII, sec. 2, of the Texas Constitution; that as to the City taxes, it had never applied to the City of El Paso for any exemption from the tax on the property; that no summary judgment proof had been offered that the Defendant was the exclusive user of the property in question; and, finally, that the documents attached to the motion for summary judgment were hearsay and failed to qualify as either business or official records. Based on the above, the trial Court entered its order reciting that it was of the opinion that no material fact as to the Defendant's claimed tax exemption existed and concluded that the Defendant was exempt from taxation under Article 7150, sec. 20, and that no taxes were owed.

■ We will sustain the taxing authorities' first point, which is a general one to the effect that the trial Court erred as a matter of law in granting the motion merely because of the terms of the statute. The burden of proof and other basic rules have not been changed by the 1978 amendment of Rule 166–A, Tex.R.Civ.P. The movant for summary judgment must still establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or a defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). The movant must still establish by summary judgment proof that as a matter of law there was no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). The trial is still conducted on independently produced proof such as admissions, affidavits and depositions. Pleadings, even if sworn, cannot constitute competent summary judgment evidence. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971). The same rule applies to a sworn motion for summary judgment. *Trinity Universal Insurance Company v. Patterson*, 570 S.W.2d 475 (Tex.Civ.App.—Tyler 1978, no writ).

At this point, we note that the various exhibits attached to the Defendant's motions were obviously hearsay and not admissible under any exception to the rule. Further in this connection, we are at a loss to understand the materiality of the Internal Revenue Service certificate stating that the American Legion Post was exempt from federal income taxes under certain provisions of the Internal Revenue Code.

Against this background, it then becomes apparent that the trial Court granted the summary judgment on the pleadings alone. Situations where a summary judgment can be sustained on pleadings alone are very limited and this is not such a case. The facts alleged by these Plaintiffs do not establish the absence of a right of action nor do they establish an insuperable barrier to a right of recovery. *Swilley v. Hughes*, 488 S.W.2d 64 at 67 (Tex.1972). See: *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974).

■ All property within this State is subject to taxation on an equal and uniform basis with the exception only of such property as the Constitution specifically exempts therefrom. Tex.Const. art. VIII, sec. 1. Certain properties are exempt by reason of self-executing provisions of the State Constitution. Certain others are exempt by statutory authority enacted under provisions of the Constitution. Exemptions granted under the provisions of Article VIII, sec. 2, Tex.Const., are of this latter nature. 21 Howell, *Property Taxes*, secs. 4 through 11 (Texas Practice 1975). Thus, to qualify for an exemption under Article VIII, sec. 2, of the Constitution, the property must be embraced not only within the Constitutional authorization but also within the statutory exemption made pursuant to such Constitutional exemption. Such was the holding of the Texas Supreme Court in *River Oaks Garden Club v. City of Houston*, 370 S.W.2d 851 (Tex.1963), where the Court said:

> By the purposes thus expressed in the amended Article of Incorporation, petitioner has sought, in clear language, to bring its property within the exemption of Secs. 14 and 20, quoted above. For purposes of this opinion we may assume it has done so. However, if its exemption is not authorized by the Constitution, it has done so to no avail.

Therefore, exemptions granted by Article 7150 must be read in the light of Article VIII, sec. 2, of the Constitution since the Constitution expressly makes null and void all exemptions attempted thereunder by the legislature not authorized by the Constitution. If the property comes within a statutory exemption, it can be exempt only because it is clearly embraced within the Constitutional authorization. *City of Beaumont v. Fertitta*, 415 S.W.2d 902 (Tex.1967); *Santa Rosa Infirmary v. City of San Antonio*, 259 S.W. 926 (Tex.Comm'n.App.1924). A corollary to the above stated rule is that

exemptions are not favored by the law because they are contrary to the goal of equality in taxation and because they throw a greater weight on other taxpayers. It is for these reasons that exemptions do not receive the liberal construction which the courts normally give to legislative enactments. *Daughters of St. Paul, Inc. v. City of San Antonio*, 387 S.W.2d 709 (Tex.Civ. App.—San Antonio 1965, writ ref'd n. r. e.). The rule is well established that an exemption will be strictly construed against the party claiming it and the burden is upon that party to prove it comes within the ambit of the exemption. *River Oaks Garden Club v. City of Houston*, supra; *Air Force Village Foundation, Inc. v. Northside Independent School District*, 561 S.W.2d 905 at 909 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.). Since the Defendant has failed to discharge its present burden in this summary judgment proceeding by showing that the ownership and use of its property has placed it clearly within the terms of some Constitutional exemption, the first point is sustained.

The second point urged by the City of El Paso requests this Court to declare that the Defendant should be denied a City tax exemption because the City's summary judgment proof established that the Defendant had never applied for an exemption on the property located at 4724 Vulcan. The point is overruled as there is nothing before this Court at this time permitting such a ruling. The City did not file a motion for summary judgment. It is only when motions for summary judgment have been filed by all parties and an appeal is prosecuted from the granting of one of them that the appellate court can determine error, if any, of overruling an appellant's motion. At this time, this Court can only reverse and remand. *Cowan v. Woodrum*, 472 S.W.2d 749 (Tex.1971); *Hinojosa v. Edgerton*, 447 S.W.2d 670 (Tex.1969).

The State complains that the trial Court erred in holding that all costs of court should be assessed against the party incurring the same. We sustain the point as taxing authorities are exempt from the payment of court costs in delinquent tax suits. *Satterlee v. Gulf Coast Waste Disposal Authority*, 561 S.W.2d 869 (Tex.Civ. App.—Beaumont 1977), rev'd on other grounds 576 S.W.2d 773 (Tex.1978).

The judgment of the trial Court is reversed and the cause is remanded for trial.