

# The Attorney General of Texas

February 1, 1982

MARK WHITE
Attorney General

Supreme Court Building
P O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No.  MW-436

Re:    Constitutionality    of
section    11.23(a)    of    the
Property Tax Code

Dear Mr. Driscoll:

You have requested our opinion regarding the constitutionality of section 11.23(a) of the Property Tax Code. This provision states as follows:

> (a)    Veterans' Organizations.    The American Legion,    American    Veterans    of    World    War    II, Veterans of Foreign Wars of the United States, Disabled American Veterans, Jewish War Veterans, Catholic War Veterans, or the American G.I. Forum is entitled to an exemption from taxation of the buildings (including the land that is reasonably necessary for use of, access to, and ornamentation of the buildings) that are owned and primarily used by that organization if the property is not used to produce revenue or held for gain.

Section 11.23(a) of the Property Tax Code thus seeks to exempt from ad valorem tax the buildings owned and used by veterans' organizations.

Property may be exempted from ad valorem taxation only if it is exempted by a constitutional provision or a statute adopted pursuant to article VIII, section 2 of the Texas Constitution. River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Tex. 1963). See also City of Beaumont v. Fertitta, 415 S.W.2d 902 (Tex. 1967); Santa Rosa Infirmary v. City of San Antonio, 259 S.W. 926 (Tex. Comm'n App. 1924); City of Houston v. Scottish Rite Benevolent Assn., 230 S.W. 978 (Tex. 1921); Morris v. Lone Star Chapter No. 6, Royal Arch Masons, 5 S.W. 519 (Tex. 1887). The legislature is without power to add to the list of properties entitled to exemption by article VIII, section 2 of the Texas Constitution, and any attempt to do so is void. City of Amarillo v. Amarillo Lodge No. 731, A.F. and A.M., 488 S.W.2d 69 (Tex. 1972); Leander Independent School District v. Cedar Park Water Supply Corp., 479 S.W.2d 908 (Tex. 1972); City of Amarillo v. Love, 356 S.W.2d 325 (Tex. Civ. App. - Amarillo 1962, writ ref'd n.r.e.);

Dickison v. Woodmen of the World Life Insurance Society, 280 S.W.2d 315 (Tex. Civ. App. - San Antonio 1955, writ ref'd). Property not exempt from taxation pursuant to a constitutional provision must be taxed. Tex. Const. art. VIII, §1.

Article VIII, section 2 of the Texas Constitution provides in pertinent part:

> ...the legislature may, by general laws, exempt from taxation public property used for public purposes; actual places of religious worship,... places of burial not held for private or corporate profit; solar or wind-powered energy devices; all buildings used exclusively and owned by persons or associations of persons for school purposes..., and institutions of purely public charity; and all laws exempting property from taxation other than the property mentioned in this Section shall be null and void. (Emphasis added).

Manifestly, there is no authorization in the constitution for the legislature to exempt from ad valorem taxation real property merely because it is owned and used primarily by veterans' organizations. See State v. American Legion Post No. 58, 611 S.W.2d 720 (Tex. Civ. App. - El Paso 1981, no writ). We therefore conclude that section 11.23(a) of the Property Tax Code violates article VIII, sections 1 and 2 of the Texas Constitution. We do not consider whether real property owned by a veterans' organization might be exempt under some other valid provision.

                                SUMMARY

Section 11.23(a) of the Property Tax Code exempting from ad valorem taxation real property merely because it is owned and used primarily by veterans' organizations is unconstitutional.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Maureen Bucek
Rick Gilpin
Jim Moellinger
Bruce Youngblood