Mary Baer WATKINS, Appellant,

v.

HAMMERMAN & GAINER, Appellee.

No. 3–90–195–CV.

Court of Appeals of Texas,
Austin.

Aug. 28, 1991.

Jaay D. Neal, Smith, Neal & Karam, San Antonio, for appellant.

John P. McWilliams, Gray & Becker, P.C., Austin, for appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

Appellant, Mary Baer Watkins, was allegedly injured in the course and scope of her employment with Armstrong Moving and Storage of El Paso. She filed a workers' compensation claim against Armstrong, which had workers' compensation coverage through Transit Casualty Company. On October 1, 1986, Watkins settled her claim through a Compromise Settlement Agreement ("CSA") with Transit which provided for Transit to pay a cash settlement and Watkins' injury-related medical expenses for three years. Watkins sued appellee, Hammerman & Gainer ("H & G"), the State Board of Insurance, Transit Casualty Company in Receivership, and Constitution State Service Company, alleging that her medical bills were not paid and that she was denied necessary surgery. Watkins alleged that H & G, in its capacity as claims adjuster, violated the Texas Deceptive Trade Practice—Consumer Protection Act ("DTPA") and Texas Insurance Code by representing that the insurance carrier would pay for three additional years of medical expenses. *See* Tex.Bus. & Com. Code Ann. § 17.41 *et seq.* (1987 & Supp. 1991); Tex.Ins.Code Ann. art. 21.21 § 16(a) (Supp.1991). The trial court granted H & G's summary judgment motion and severed the action against H & G from the action against the other defendants. Watkins appeals the summary judgment. We will reverse the judgment and remand the cause to the trial court.

The crux of Watkins' cause of action against H & G is that, in the negotiations leading up to the CSA, H & G represented that the insurance carrier would pay Watkins' medical expenses for three years. Watkins pleaded that H & G's representations violated the DTPA by:

Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of services;

Representing that services had sponsorship, approval, characteristics, uses or benefits which they did not have;

Representing that the agreement conferred or involved rights, remedies or

obligations which it did not have or involve;

Failing to disclose information concerning coverage which was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff into a transaction she would not have entered into had the information been disclosed.

*See* DTPA § 17.46(b)(2), (5), (12), (23). These alleged violations of § 17.46 of the DTPA are also the basis for Watkins' cause of action under the Tex.Ins.Code Ann. art. 21.21, § 16(a) (Supp.1991).

To recover on the merits, Watkins must establish each essential element of a cause of action. To obtain summary judgment, therefore, H & G must establish as a matter of law that there was no genuine issue of material fact as to at least one essential element of each cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Manoogian v. Lake Forest Corp.*, 652 S.W.2d 816, 818 (Tex.App.1983, writ ref'd n.r.e.). On review of a summary judgment, this Court will determine whether the movant has shown that there is no genuine issue as to a material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). We must take as true all evidence favoring the non-movant and indulge every reasonable inference and resolve every doubt in her favor. *Nixon*, 690 S.W.2d at 548–49.

H & G asserted three independent bases for its motion for summary judgment:[1]

(A) H & G acted solely as Transit's agent during the negotiation of the CSA.

(B) H & G is not connected to any alleged breach of the CSA following its execution.

(C) Watkins' claim is barred by the doctrine of merger.

Because the summary judgment order in the present cause does not state the specific grounds on which it was granted, Watkins must show that none of the independent arguments alleged in the motion is sufficient to support the order. *See* Hittner & Liberato, *Summary Judgments in Texas*, 20 St. Mary's L.J. 243, 282 (1989). On appeal, Watkins contends that the trial court erred in granting a take-nothing summary judgment because H & G raised defenses that would apply in a contract suit but not in a DTPA action for misrepresentation. Specifically, she argues that (1) a finding that H & G acted solely as an agent for its principal would not preclude its own individual liability under the DTPA, *see Weitzel v. Barnes*, 691 S.W.2d 598, 601 (Tex.1985); and (2) a finding that H & G was not connected to the breach of the CSA would not dispose of Watkins' DTPA claims because the DTPA does not require a breach of contract to establish liability. *See* DTPA § 17.46(b).

■ We will not address the merits of these arguments, however, because H & G's summary judgment proof failed to establish conclusive facts from which we can determine, as a matter of law, either that H & G was acting solely as an agent or that H & G was not connected in any way to the breach of the CSA. H & G's only summary judgment proof in support of its motion consisted of the affidavit of Tony Cordova, its employee who executed the CSA. Cordova asserted that: (1) H & G acted solely as an agent for Trans–Protection Service Company in negotiating the CSA; (2) H & G has not been involved in any way in decisions regarding the payment of medical bills under the agreement; and (3) H & G was not responsible for the payment of Watkins' medical bills.

■ As the employee who allegedly made the misrepresentations leading to this attempt to impose liability on his employer, H & G, Cordova is clearly an interested witness. A summary judgment may rest

---

**1.** H & G argued in its trial and appellate briefs that additional grounds entitled it to summary judgment, but failed to raise the other grounds in its motion for summary judgment. The judgment must stand or fall on the grounds expressly alleged in the motion. Tex.R.Civ.P.Ann. 166a(c) (Supp.1991). *See also City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 675 (Tex.1979); *Dhillon v. General Acc. Ins. Co.*, 789 S.W.2d 293, 295 (Tex.App.1990, no writ).

solely on the testimonial evidence of an interested witness if that evidence is uncontroverted, clear, positive, credible, free from contradictions and inconsistencies, and could have been readily controverted. Tex.R.Civ.P.Ann. 166a(c) (Supp.1991). In the present cause, however, Cordova's testimony regarding agency and H & G's connection with any breach of the CSA failed to meet several requirements for competent summary judgment proof. Rule 166a requires that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tex.R.Civ.P.Ann. 166a(f) (Supp.1991). Cordova's affidavit identifies him as a claims representative. He fails to explain how he obtained the knowledge on which he based his conclusions and there is no proof that he is competent to make the conclusions he did.

■ An affidavit must set forth facts, not legal conclusions. *Beta Supply, Inc. v. G.E.A. Power Cooling Sys., Inc.*, 748 S.W.2d 541, 542 (Tex.App.1988, writ denied); Hittner & Liberato, *supra* at 261. *See also Schultz v. General Motors Acceptance Corp.*, 704 S.W.2d 797, 798 (Tex.App.1985, no writ) (affidavit reciting that collateral was disposed of "at public sale in conformity with reasonable commercial practices ... in a commercially reasonable manner," in the absence of facts concerning the sale, recited only legal conclusion, precluding summary judgment). Cordova's affidavit contains several legal conclusions: "H & G acted as the agent of Trans–Protection Service Company"; "H & G undertook no obligations under this contract; it acted solely as representative of Trans–Protection Service Company, the party in privity."

Similarly, the Cordova affidavit fails to establish that H & G was not connected with a breach of the CSA. Cordova states that H & G was not involved, but he does not explain how he acquired that knowledge or upon what facts he based his conclusion. He concludes that Trans–Protection Service Company is the party in privity

with Watkins, but that company is not named as a responsible party in the CSA.

Cordova's affidavit also does not explain discrepancies raised by the summary judgment evidence. The uncontroverted summary judgment proof showed that Cordova executed the CSA on behalf of Transit Casualty Company, Allied Van Lines, and James T. Odiorne, Ancillary Receiver. It is uncontroverted that after the CSA was signed, Watkins' health-care providers sent her medical bills to H & G, which forwarded the bills to Trans–Protection Service Company. H & G did not explain why it forwarded the bills to a party not named as a responsible party in the CSA. H & G also did not explain why it did not inform the health-care providers that rather than billing H & G, they should bill the party responsible for paying the bills under the CSA. Thus, Cordova's affidavit does not establish that H & G was entitled to summary judgment on the ground that it was not connected to any alleged breach of the CSA following its execution.

■ H & G also moved for summary judgment on the basis that the doctrine of merger barred Watkins' claim; merger is inapplicable to the present cause. The doctrine provides that, in all contracts, any prior stipulation between the parties is merged into the final and formal contract they execute. *Baker v. Baker*, 207 S.W.2d 244, 249 (Tex.Civ.App.1947, writ ref'd n.r.e.). In general, however, common law defenses cannot defeat a DTPA claim. *Smith v. Baldwin*, 611 S.W.2d 611, 616 (Tex.1980) (DTPA does not represent a codification of the common law; its primary purpose is to provide consumers a cause of action for deceptive trade practices without the numerous defenses available in a common law fraud or breach of warranty suit). *See also Alvarado v. Bolton*, 749 S.W.2d 47, 48 (Tex.1988) (doctrine of merger cannot defeat a cause of action under the DTPA for breach of an express warranty made in an earnest money contract and breached by deed).

■ In any event, the merger argument is inapposite in this cause because Watkins complains of oral representations

that were incorporated into the CSA. Merger may apply when oral representations are at variance with written agreements, but here the oral representations do not vary the terms of the written agreement. Thus, the doctrine of merger does not dispose of Watkins' contentions that H & G's oral representations were false.

H & G failed to establish as a matter of law its entitlement to summary judgment by conclusively negating one or more of the elements of Watkins' causes of action under either the DTPA or the Insurance Code. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678; *State v. American Legion Post No. 58*, 611 S.W.2d 720, 723 (Tex.Civ. App.1981, no writ). Thus, the summary judgment was improper.

We reverse the judgment of the trial court and remand the cause for trial.

POWERS, J., not participating.