Bordelon v. Herring 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-138-CV




JERRY AND JOYCE BORDELON,



 APPELLANTS


vs.





CHARLES F. HERRING, ET AL.,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 451,347-A, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING 



 





 Jerry Bordelon and Joyce Bordelon ("the Bordelons") brought suit against Charles
F. Herring, Felder Thornhill, A.C. Bryant, R. Frank Siddons, Jr., Joe E. Simpson, Everett D.
Bohls, N.C.N.B. Austin, as Independent Executor of the Estate of Joe M. Teague, B. Clary
Bates, Ralph E. James, Jr., and Leon Stone, ("appellees") alleging fraudulent transfer of corporate
assets. The district court granted summary judgment in favor of appellees and this appeal
followed. We affirm the judgment of the district court.



THE CONTROVERSY


 Appellees are shareholders of Austin Enterprises, Inc. ("the corporation"). The
appellants, the Bordelons, are judgment creditors of the corporation. In 1986, apparently due to
insolvency, the corporation sold its corporate assets for $900,000 to a partnership known as
Austin Enterprises ("the partnership"). The members of this partnership were also the shareholders of the corporation. The money from this sale was used to pay valid creditors of the
corporation. It is this sales transaction which forms the crux of the present controversy.

 The Bordelons sued the corporation and each individual shareholder claiming that
the 1986 sale of corporate assets was a fraudulent conveyance. The Bordelons' original petition
set forth the grounds of relief as follows:



Defendants are shareholders of Austin Enterprises, Inc. On or about July 28,
1986, at a time when Plaintiffs were existing creditors of Austin Enterprises, Inc.,
Defendants caused all or virtually all of the assets of Austin Enterprises, Inc. to be
transferred to themselves, in return for inadequate consideration. Such transfer
was fraudulent as to Plaintiffs. In addition, Defendants effectively denuded Austin
Enterprises, Inc. of its assets, rendering them liable to Plaintiffs as creditors of
Austin Enterprises, Inc.



 Appellees answered the petition with a general denial and subsequently filed a
motion for summary judgment. In support of the motion, appellees filed an uncontroverted
affidavit from Charles F. Herring, the corporation's president. The affidavit stated that the
$900,000 the partnership paid for the corporate assets was substantially more than the assets were
worth. It further stated that the purpose of the sale was to pay existing creditors, that all proceeds
went to creditors for debts due and owing, and that no proceeds were paid to any shareholders,
officers or directors of the corporation.

 In response to appellees' motion and affidavit, the Bordelons did not file
controverting or opposing affidavits; instead, they merely argued that the stated value of the
transferred corporate property was a fact question which could not be properly disposed of by
summary judgment. After hearing oral arguments, the trial court granted appellees' motion for
summary judgment.

 The Bordelons subsequently filed a motion for rehearing in which they singularly
argued that fact questions existed as to the valuation of the transferred assets. The Bordelons did
not raise other arguments. The district court denied the motion for rehearing. Next, upon proper
motion by appellees, the trial court severed the claims against the shareholders from the claims
against the corporation. This severance, along with the summary judgment, disposed of all claims
against the individual shareholders and judgment became final. The Bordelons responded by filing
a motion for new trial. In the motion for new trial, the Bordelons once again argued only the single point that fact questions existed in the summary judgment evidence. 
The Bordelons' motion for new trial was overruled by operation of law. 

 The Bordelons have now perfected this appeal. In a single point of error, they
argue that the district court erred in granting appellees' motion for summary judgment because
the summary judgment proof did not establish, as a matter of law, that appellees are not liable to
the Bordelons under any theory pleaded in the Bordelons' petition.



DISCUSSION AND HOLDING


 The Bordelons' pleading alleged that the transferred assets were undervalued. In
response, appellees offered an affidavit which stated that the assets were not undervalued but
were, in fact, overvalued. The Bordelons presented no summary judgment evidence to controvert
this affidavit or to create a fact question as to the valuation of the assets. 

 A trial court should grant a motion for summary judgment only if the movant
establishes by competent summary judgment evidence that there is no genuine issue of material
fact to be decided and that the movant is therefore entitled to judgment as a matter of law. Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). Further, a summary
judgment may be based on uncontroverted testimonial evidence even of an interested witness if
the evidence is clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted. Tex. R. Civ. P. Ann. 166a(c) (Supp.
1992); see also Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991); Watkins v. Hammerman &
Gainer, 814 S.W.2d 867, 869-70 (Tex. App. 1991, no writ). 

 We hold that the affidavit appellees offered was clear, did not contain
contradictions, and could have been readily controverted by the Bordelons. In this regard,
appellees' evidence is sufficient as a matter of law to support a summary judgment and to dispose
of the Bordelons' claim that the transferred assets were undervalued.

 The Bordelons assert for the first time on appeal a new theory to attack the
summary judgment. (1) They now contend that the transaction was fraudulent because it was performed to hinder, delay or defraud them as creditors. They assert that appellees' summary
judgment evidence did not dispose of this theory of recovery. The Bordelons contend that,
although this theory was not specifically pleaded, appellees were on notice of this theory because
of the broad language of the Bordelons' petition. Further, they assert that it was appellees' burden
on summary judgment to dispose of any theory fairly presented by the pleading. 

 The Bordelons did not raise the theory of fraudulent transfer based upon an intent
to hinder, delay or defraud a creditor in their original response to appellees' motion for summary
judgment, in their supplemental response to appellees' motion for summary judgment, in their
motion for rehearing, or in their motion for new trial. This theory is being urged for the first time
on appeal to this Court.

 Issues not expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. Ann. 166a(c)
(Supp. 1992); see also City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 676-77
(Tex. 1979). The Bordelons never expressly presented to the trial court the theory that appellees'
transfer of assets from the corporation to the partnership was fraudulent because of an intent to
hinder, delay or defraud the Bordelons. Consequently, the Bordelons have waived this issue and
we cannot address the merits of such a claim. The Bordelons' sole point of error is overruled. 


 We affirm the judgment of the district court.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: April 1, 1992

[Do Not Publish]
1. Two theories of recovery for fraudulent transfer were available to the Bordelons: (1) a
transfer made for inadequate consideration, 1967 Tex. Gen. Laws, ch. 785, sec. 1, § 24.03,
at 2598 (originally codified at Tex. Bus. & Com. Code Ann. § 24.03 (since repealed)); and (2)
a transfer made with the intent to delay, hinder, or defraud a creditor, 1967 Tex. Gen. Laws,
ch. 785, sec. 1, § 24.02, at 2598 (originally codified at Tex. Bus. & Com. Code Ann. § 24.02
(since repealed)). Until this appeal, the Bordelons consistently sought recovery solely on the
grounds of inadequate consideration.