french v. american 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-348-CV





BETTY FRENCH,



 APPELLANT


vs.





AMERICAN WILDERNESS EXPERIENCE, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 23,206, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING



 



 Appellant Betty French appeals a summary judgment on her claims against appellee
American Wilderness Experience, Inc. In one point of error, French contends that the trial court
erred by rendering summary judgment on her breach of contract claim based upon an assumption
of risk form ("release") that American required her to sign before participating in a horseback
riding excursion. We will reverse the trial court's judgment. 



BACKGROUND


 On July 30, 1990, French was injured while horseback riding in Jackson Hole,
Wyoming, on a trail ride arranged by American. A boulder in the middle of the trail interfered
with the horse's ability to continue along the trail, and French fell from the horse and sustained
the injuries of which she now complains. Before embarking on the trail ride, French signed a
release in which American alleges she expressly assumed the risks and dangers inherent in
wilderness travel. 

 On July 30, 1992, French sued American, alleging negligence. American filed its
motion for summary judgment on March 25, 1993. Thereafter, on April 21, 1993, French filed
an amended petition adding a breach of contract claim, alleging that the release created a
contractual duty which American breached. 

 American filed its motion for summary judgment before French amended her
petition, and in support attached to the motion French's original petition, the release, and an
affidavit of American's president. American asserted that French "expressly assumed the risk of
injury inherent in such activities and released [American] from any and all liability arising out of
or in connection with the trip . . . . That release acts as a complete bar to the present causes of
action asserted by [French]." American never filed an amended motion directed toward French's
second claim for relief. 

 After a summary judgment hearing, the court rendered a final judgment on May
14, 1993, which granted American's motion in all respects and yet purported to dismiss with
prejudice French's causes of action against American. (1)



STANDARD OF REVIEW


 In an appeal from a summary judgment granting a defendant's motion, we must
determine whether the summary judgment proof establishes as a matter of law that there is no
genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. 
Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). The rules for appellate
review are well established: (1) The movant for summary judgment has the burden of showing
that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law;
(2) in deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference
must be indulged in favor of the nonmovant and any doubts resolved in its favor. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 



DISCUSSION


 In her only point of error, French asserts that the trial court erred in granting the
summary judgment on her breach of contract claim because American failed to demonstrate that
it was entitled to judgment on this cause of action as a matter of law. 

 A motion for summary judgment must expressly state the specific grounds on which
the summary judgment is sought. Tex. R. Civ. P. 166a(c); Stiles v. Resolution Trust Corp., 867
S.W.2d 24, 26 (Tex. 1993); McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339-41
(Tex. 1993); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979);
Watkins v. Hammerman & Gainer, 814 S.W.2d 867, 869 (Tex. App.--Austin 1991, no writ). 
"`When a motion for summary judgment asserts grounds A and B, it cannot be upheld on grounds
C and D, which were not asserted, even if the summary judgment proof supports them . . . .'" 
McConnell, 858 S.W.2d at 342 (quoting Roberts v. Southwest Tex. Methodist Hosp., 811 S.W.2d
141, 146 (Tex. App.--San Antonio 1991, writ denied)); see Chessher v. Southwestern Bell Tel.
Co., 658 S.W.2d 563, 564 (Tex. 1983) (reversing a summary judgment rendered as to four causes
of action when the movant moved for summary judgment on only one of the causes of action). 
When the motion for summary judgment does not expressly state the grounds on which it is
sought, the motion is "legally insufficient as a matter of law" to support a summary judgment on
the grounds not asserted. McConnell, 858 S.W.2d at 342. 

 American's motion for summary judgment was legally insufficient to support a
summary judgment on French's contract claim. American filed its motion before French amended
her petition to include the contract claim, and American's motion did not address this cause of
action. Instead, American's motion referred only to French's negligence claim, alleging that the
release was a "complete bar to the present causes of action asserted by [French]." Without regard
to the merits of the claim, it was improper in this situation for the trial court to render summary
judgment as to French's cause of action for breach of contract. Accordingly, we sustain
French's sole point of error, reverse the trial court's judgment, and remand the cause to the trial
court. 



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: April 27, 1994

Do Not Publish 
1. The trial court rendered judgment in this cause upon the defendant's motion for
summary judgment. The final disposition, however, orders that the claims are dismissed with
prejudice. A dismissal is not a disposition on the merits. Crofts v. Court of Civil Appeals,
362 S.W.2d 101, 104 (Tex. 1962), quoted in State v. Schless, 815 S.W.2d 373, 376 (Tex.
App.--Austin 1991, orig. proceeding) (leave denied). The parties treat the trial court's order as
a summary judgment, and for purpose of the appeal we do so, as well.