

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 16, 1994

Honorable Carl A. Parker
Chair
Committee on Economic Development
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-301

Re: Whether Tax Code section 11.29, which authorizes a tax exemption for land dedicated by easement as a disposal site for material dredged from the Gulf Intracoastal Waterway by or under the direction of the state or federal government, violates Texas Constitution article VIII, sections 1 and 2 (RQ-510)

Dear Senator Parker:

You ask us to consider whether section 11.29 of the Tax Code violates Texas Constitution article VIII, sections 1 and 2. Tax Code section 11.29 provides as follows:

> (a) A person is entitled to an exemption from taxation of land that the person owns and that has been dedicated by recorded donated easement dedicating said land as a disposal site for depositing and discharging materials dredged from the main channel of the Gulf Intracoastal Waterway by or under the direction of the state or federal government.

> (b) An exemption granted under this section terminates when the land ceases to be used as an active dredge material disposal site described by Subsection (a) of this section and is no longer dedicated for that purpose.

Section 1 of article VIII of the constitution provides, in part, as follows:

> Sec. 1. (a) Taxation shall be equal and uniform.

> (b) All real property and tangible personal property in this State, unless exempt as required or permitted by this Constitution, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.

Section 2 permits the legislature to enact general laws exempting various kinds of property from ad valorem taxation and provides further that "all laws exempting property from taxation other than the property mentioned in this Section shall be null and void." Tex.

Const. art. VIII, § 2(a). Disposal sites for material dredged from the Gulf Intracoastal Waterway are not included within the permissible statutory exemptions provided in section 2.

Sections 1 and 2 of article VIII require the taxation of private property held by natural persons or private corporations, *City of Beaumont v. Fertitta*, 415 S.W.2d 902, 909 (Tex. 1967), subject to exemptions permitted by section 2 and actually enacted by the legislature, *id.* at 910, or established in other provisions, either self-executing or legislatively implemented, of the constitution, *see State v. American Legion Post No. 58*, 611 S.W.2d 720, 723 (Tex. Civ. App.–El Paso 1981, no writ). In other words, private property held by natural persons or private corporations that comes within a statutory *ad valorem* tax exemption can be exempt only if there is clear constitutional authority for the exemption. *Id.*

You cite no constitutional authority, nor are we aware of any, for the tax exemption contained in section 11.29 of the Tax Code, as it would apply to land held by natural persons or private corporations. *See* 21 JAY D. HOWELL, PROPERTY TAXES § 238 (Texas Practice 1988) (constitution does not authorize exemption of disposal sites from taxation, and section 11.29 "is null and void"). We therefore conclude that section 11.29 is void insofar as it would apply to property required to be taxed by section 1(b) of article VIII of the Texas Constitution.

## S U M M A R Y

Section 11.29 of the Tax Code is void insofar as it would apply to property required to be taxed by section 1(b) of article VIII of the Texas Constitution.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General for Criminal Justice

JAVIER AGUILAR
Special Assistant Attorney General

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General