TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00508-CV






Samuel R. Driggs, Appellant



v.



City of Austin, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-01961, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 







 Upon termination from his employment with appellee City of Austin (the "City"),
appellant Samuel R. Driggs filed suit against the City for wrongful termination. The district court
rendered summary judgment in favor of the City and Driggs appealed. We will affirm the
summary judgment of the district court.


FACTS AND PROCEDURAL HISTORY


 Driggs began his employment as Director of the Austin Convention Center on 
April 16, 1990, pursuant to a letter signed by him and Joseph L. Lessard, assistant city manager. 
The letter, dated April 2, confirmed Driggs's acceptance of the position of Director of the Austin
Convention Center and outlined the following benefits he would receive as Director:


Salary: $73,465.60


Car Allowance: $230.00 per month

Retirement: Participation in City retirement program, with matching
contribution at 7%, after completing six months of
employment.


Health Insurance: Same coverage available to all City employees. Choice
from three plans, which includes two HMO's.


Vacation Leave: 18 days accrual per year. 

 Cash pay out of leave balance not to exceed 240 hours upon
separation from the City.


Holidays: 11 days per year; same as for other City employees.


Life Insurance: City coverage - $100,000


Sick Leave: 12 days accrual per year; unlimited accrual.


Moving Expenses: Payment of full moving costs after 3 bids are received. 
Payment for one relocation trip.


Effective Date: April 16, 1990.



In January 1993, Driggs was relieved of his responsibilities as Director, but continued to work on
temporary assignments, receiving the same salary and benefits through June of that year. Per his
request, Driggs retained the title of Director to aid his search for another job. However, he had
no role in the day-to-day operations of the convention center, he was removed from his office, and
his deputy was terminated. He was offered another position with the City at a lower salary, which
he declined. On July 28, Driggs received a letter from Dr. Camille Cates Barnett, city manager,
notifying him that he was formally terminated from employment with the City as of July 27. 


 Driggs made a demand for payment of all unpaid salary, benefits and attorneys' fees
by letter dated February 4, 1994, to Diana L. Granger, city attorney. When the City denied the
demand for payment, Driggs filed suit for wrongful termination on February 18. (1) Driggs filed
a motion for partial summary judgment on July 11, 1995, which the district court denied on
August 11, after a hearing.

 On March 1, 1996, the City filed a motion for summary judgment. After a hearing 
on May 14, the district court rendered summary judgment in favor of the City on March 13,
1997. (2) Driggs filed a motion for new trial, which, after a hearing, was denied by the district court
on July 15, 1997. (3)


DISCUSSION


 Summary judgment in favor of the defendant is proper only if, as a matter of law,
the plaintiff could not succeed on any of the theories pleaded. See Delgado v. Burns, 656 S.W.2d
428, 429 (Tex. 1983). The standards for reviewing a summary judgment are well established: 
(1) the movant for summary judgment has the burden of showing that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there
is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the
non-movant and any doubts resolved in its favor. See Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). However, any issue not expressly presented to the trial
court by the motion for summary judgment or response, or answer thereto, cannot be considered
on appeal as grounds for reversal. See Tex. R. Civ. P. 166a(c); Reese v. Beaumont Bank, N.A.,
790 S.W.2d 801, 804 (Tex. App.--Beaumont 1990, no writ).

 The City moved for summary judgment on two grounds: (1) there was no contract
and therefore Driggs's status as an at-will employee was never altered; (2) even if there was a
contract for a term of one year that had been extended twice on its anniversary, the City never
breached the contract because in January 1993 it gave Driggs notice that his responsibilities as
director of the convention center were terminated and continued to pay him through April 1993,
the end of that annual term; alternatively, the City did not breach the contract when it terminated
Driggs for cause due to his poor performance because the contract did not restrict termination for
cause. In granting the motion for summary judgment in favor of the City the district court
included in its order the following conclusions:


 1) The letter agreement of April 2, 1990 made the basis of Plaintiff's
lawsuit constitutes a contract between Plaintiff Samuel Driggs and Defendant the
City of Austin;

 2) The letter agreement of April 2, 1990 made the basis of Plaintiff's
lawsuit did not limit the right of the City of Austin to terminate Plaintiff at-will;

 3) The Austin City Manager and Assistant City Managers lacked the power
to change the at-will employment status of City of Austin employees; and

 4) Defendant the City of Austin did not breach its April 2, 1990 agreement
with Plaintiff Samuel Driggs.



The City had not asserted in its motion for summary judgment that the city charter precluded the
City from contractually altering the at-will status of its employees as a matter of law. Because the
allegation was not raised in the City's motion it could not support the summary judgment. A
judgment must stand or fall on the grounds set out in the motion. See McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993); Watkins v. Hammerman & Gaines, 814
S.W.2d 867, 869 n.1 (Tex. App.--Austin 1991, no writ). Any issue not presented in writing to
the district court in the motion or response is waived and cannot support or defeat a summary
judgment on appeal. See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 675 (Tex.
1979); Reese, 790 S.W.2d at 804 (citing State Bd. of Ins. v. Westland Film Indus., 705 S.W.2d
695, 696 (Tex. 1986)). Nevertheless, on appeal appellant only attacks this third conclusion, which
having not been raised could not have supported the judgment. In a single point of error Driggs
asserts that the district court erred in granting summary judgment because the city charter does not
deprive the city manager of the power to alter by contract the at-will status of its employees as a
matter of law. In Byars v. City of Austin, 910 S.W.2d 520 (Tex. App.--Austin 1995, writ
denied), we assumed without deciding that the City may contractually alter the at-will status of its
employees. Id. at 524 n. 3. Driggs urges us to decide that issue now. He argues that the district
court's reliance on Murray v. Harris (4) is misplaced because the language in article V, section 2(1)
of the city charter does not expressly limit the city manager's authority to contractually alter the
at-will status of city employees in the manner that the statute in Murray limited the sheriff's
authority to hire and fire his deputies. Once again, we will not reach the issue because it is not
necessary for us to consider appellant's sole point of error.

 Driggs failed to challenge generally the district court's ruling that the City did not
breach its April 2, 1990 agreement with Driggs, and he failed to attack this ruling specifically on
either basis the City expressly asserted. He also fails to assert a general assignment of error. 
Where an appellant from a summary judgment does not specifically attack every possible ground
upon which the district court based its summary judgment and does not assert a general assignment
of error in granting summary judgment, the summary judgment must be affirmed. See Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970); Tindle v. Jackson Nat'l Life Ins. Co.,
837 S.W.2d 795, 801 (Tex. App.--Dallas 1992, no writ).

 The dissent assumes that the only rationale for the district court's conclusion that
the City did not breach its contract is that the contract did not provide for a definite term of
employment because the city manager lacked the power to make such a contract. This ignores the
independent rationale asserted in the City's motion for summary judgment: even if there was a
contract for a definite term that was extended on its anniversary through April 1993, the City gave
notice to Driggs in January 1993 that his responsibilities as director of the convention center were
terminated immediately and then continued to pay him in compliance with the contract through
April 1993, the end of that annual term. (5) Alternatively, the City asserted that it did not breach its
employment contract with Driggs because it terminated him for cause which the contract did not
prohibit. The summary judgment concludes simply that the City did not breach the contract. 
Failure to breach the contract was a ground for summary judgment independent from the City's
first ground that there was no contract for a definite term. The dissent collapses these two grounds
into one and assumes that the only rationale for the district court's conclusion that there was no
breach must be that there was no contract for a definite term. This ignores the two distinct bases
asserted in the City's motion for summary judgment. Because appellant fails to challenge the
district court's conclusion that the City did not breach its April 1990 letter agreement with Driggs,
and because this ground was asserted as an independent basis for summary judgment in the City's
favor, the summary judgment must be affirmed. See Malooly, 461 S.W.2d at 121. Accordingly,
Driggs's sole point of error is overruled.


CONCLUSION


 Because the district court's judgment may have been based on the ground not
specifically challenged by Driggs, and because Driggs failed to assert a general assignment that
the district court erred in granting summary judgment, the summary judgment must stand. See 
Malooly, 461 S.W.2d at 121; Texas Power & Light Co. v. Cole, 313 S.W.2d 524, 529 (Tex.
1958). Accordingly, the district-court judgment is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Powers*

Affirmed

Filed: June 10, 1999

Do Not Publish


















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. In the Original Petition, Driggs requested damages "[f]or all amounts due Plaintiff pursuant
to his contract with the City of Austin," pre- and post-judgment interest, court costs, and
attorney's fees.
2. The City filed an amended motion for summary judgment on June 5, 1997, on which the
district court did not rule. Driggs appeals the summary judgment signed by the district court on
March 13, which is a final judgment. 
3. Driggs also filed a motion to amend the date of judgment to April 23, 1997, which was
unopposed. The district court granted the motion on July 15, 1997.
4. 112 S.W.2d 1091 (Tex. Civ. App.--Amarillo 1938, writ dism'd w.o.j.). 
5. Appellant does not raise on appeal a challenge to the sufficiency of the City's notice of
termination in January 1993 to prevent the contract from impliedly renewing itself on its
anniversary in April 1993. Even though Driggs was allowed to continue his employment with a
different job assignment until July 1993, after January 1993 he never had any responsibilities as
director of the convention center, the assignment described in the letter agreement.



ment because the city manager lacked the power to make such a contract. This ignores the
independent rationale asserted in the City's motion for summary judgment: even if there was a
contract for a definite term that was extended on its anniversary through April 1993, the City gave
notice to Driggs in January 1993 that his responsibilities as director of the convention center were
terminated immediately and then continued to pay him in compliance with the contract through
April 1993, the end of that annual term. (5) Alternatively, the City asserted that it did not breach its
employment contract with Driggs because it terminated him for cause which the contract did not
prohibit. The summary judgment concludes simply that the City did not breach the contract. 
Failure to breach the contract was a ground for summary judgment independent from the City's
first ground that there was no contract for a definite term. The dissent collapses these two grounds
into one and assumes that the only rationale for the district court's conclusion that there was no
breach must be that there was no contract for a definite term. This ignores the two distinct bases
asserted in the City's motion for summary judgment. Because appellant fails to challenge the
district court's conclusion that the City did not breach its April 1990 letter agreement with Driggs,
and because this ground was asserted as an independent basis for summary judgment in the City's
favor, the summary judgment must be affirmed. See Malooly, 461 S.W.2d at 121. Accordingly,
Driggs's sole point of error is overruled.


CONCLUSION


 Because the district court's judgment may have been based on the ground not
specifically challenged by Driggs, and because Driggs failed to assert a general assignment that
the district court erred in granting summary judgment, the summary judgment must stand. See 
Malooly, 461 S.W.2d at 121; Texas Power & Light Co. v. Cole, 313 S.W.2d 524, 529 (Tex.
1958). Accordingly, the district-court judgment is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Powers*

Affirmed

Filed: June 10, 1999

Do Not Publish


















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. In the Original Petition, Driggs requested damages "[f]or all amounts due Plaintiff pursuant
to his contract with the City of Austin," pre- and post-judgment interest, court costs, and
attorney's fees.
2. The City filed an amended motion for summary judgment on June 5, 1997, on which the
district court did not rule. Driggs appeals the summary judgment signed by the district court on
March 13, which is a final judgment. 
3. Driggs also filed a motion to amend the date of judgment to April 23,